Mr. Chief Justice Johnson delivered the opinion of the Court. The only question raised by the record relates to the propriety of the decision of the circuit court in excluding the instrument sued upon from the jury. We are uninformed as to the particular ground of objection, but presume it was for the fact that the blank endorsement was not filled up until after the institution of the suit and the grant of oyer of the instrument. There can be no pretext of a variance between the allegation and the proof after the blank in the indorsement was filled up, and if that act was authorized at the time it was done, it is equally clear it should not have been excluded from the jury. Chitty, in his Treatise on Bills, at page 230, when speaking upon the subject of blank indorsements, says: “ It has been said that such an indorsement does not transfer the property and interest in the bill to the indorsee without some further act, but that it gives him, as well as any other person to whom it is afterwards transferred, the power of constituting himself as-signee of the beneficial interest in the bill by filling it up payable to himself, (as by writing over the indorser’s name, “ Pay the .contents,”) which he may do even at the trial, and this seems to be still the French law. But, in this country, it is now settled that such an indorsement in itself constitutes a complete and perfect transfer of the interest in the bill, and without the addition of any other words will vest the right of action and all other rights in the transferee and subsequent holders. See Chitty on Bills, p. 230, and the cases there cited. The court of Appeals of Kentucky, in the case of Cope vs. Daniel, (at pages 416 and 17 of 9 Dana,) after having quoted the above from Chitty, said: “ And this last seems to us to be the true doctrine as now understood and applied. The more ancient cases, which Mr. Chitty understood as importing a different doctrine, show only, what is yet true, that the mere indorsement of the payee’s name is equivocal, simply implying that the indorsee or holder may do as he may choose with the note ; and that, therefore, as he may either hold it as agent, or return it, or write above the indorser’s name either a receipt or an assignment to himself, or to any other person, the indorser’s name alone cannot show conclusively that he had sold and transferred the bill to the holder or divested himself of his pre-existing right thereto.” They said also, in the same case, that “ This is the only principle established in Clarke vs. Pigot (1 Salk. 126) and Lucas vs. Haynes, (ib. 130,) and in other adjudged cases on the same subject. But all thoses cases, and the principle recognized in all of them, show clearly that a simple indorsement of the name of the payee or indorser, vests in the holder, to whom the bill, thus indorsed, is delivered, an implied right as indorsee to receive the amount of the bill, or to destroy it, or to negotiate it for his own benefit, just as he may elect, and an irrevocable authority therefore to manifest his election or exhibit specific evidence of it by filling the blank with words importing a full and formal assignment to himself. This is all implied by the indorser’s name, which binds him irrevocably. Yet, until the blank be filled by a formal assignment to the holder, he cannot recover, though he may sue on the bill in his own name, because the indorser’s name does not, per se, necessarily import an assignment to him, or the character and effect of that which may have been intended. This is not, however, because he has no right as the holder, but only because he has failed to furnish sufficient evidence of his right, and which evidence the blank indorsement and the delivery of the bill to him gave him the power to complete by filling the blank in such a manner as to prove specifically and certainly the nature of the right passed to him by the indorser.” The doctrine laid down by the court in that case is fully sustained by the books, and, as such, we unhesitatingly adopt it. It appears, from the testimony of the attorney of the plaintiff, that the blank in the indorsement was filled up before the instrument was offered in evidence, and so it was clearly in time to warrant a recovery in the absence of other legal impediments. The circuit court, therefore, manifestly erred in excluding the instrument from the jury, and consequently erred in its refusal to grant a new trial. The judgment of the circuit court of Jefferson county, herein rendered, is therefore reversed, and the cause remanded, to be proceeded in according to law, and not inconsistent with the opinion herein delivered.